Commissioner of Agriculture and Labor, Ex Rel.

**E. ALBERT HALLIDAY, Plaintiff**

v.

**ROBERT MERWIN & CO. and CHRISTIAN MESSER, Defendants**

Civil No. 24-1963

District Court of the Virgin Islands

Div. of St. Croix, Christiansted

April 18, 1966

*See, also, 252 F.Supp. 637*

WILLIAM H. BROWN, Assistant Attorney General, *for plaintiffs*

RUSSELL B. JOHNSON, Christiansted, Virgin Islands, *for plaintiff*

YOUNG, ISHERWOOD & MARSH, Christiansted, Virgin Islands (JOHN P. MARSH, of counsel), *for defendants*

CLARY, *Chief Judge* (Sitting by special designation)

OPINION

E. Albert Halliday, relator, was employed by the Harbor Department of the Government of the Virgin Islands on its dock at Frederiksted as maintenance man and watchman.

On December 7, 1962, at 10 a.m., as he was standing watching the loading of a truck, a longshoreman's trailer being drawn by a small tractor became disengaged from the tractor, struck Halliday from the rear, knocking him to the ground in a semi-conscious condition under the trailer. He was hit on the left side, taken to the hospital, where X-rays of the left side, particularly the left rib cage and the cervical and thoracic spine, were taken with negative results.

He was treated on December 11 and 18 of 1962 and on January 8 and 11, 1963, at which time he was without complaint and returned to work. After working one week he felt pain in his elbow, returned to the clinic, and saw another doctor, who had further X-rays taken, and he was referred to Dr. Ulric Karell, the orthopedic surgeon. Dr. Karell, after consultation with the consultant to the hospital, a professor of orthopedic surgery at the University of Puerto Rico Medical School, prescribed deep-heat therapy, which was given to him in a series of 13 treatments beginning January 31, 1963, and ending April 3, 1963, at which time he was declared fit to return to work.

Halliday was earning approximately $32 per week and lost approximately $576 in wages during the time he was incapacitated. There were also medical bills incurred in the amount of $63.70, which were paid by the Government of the Virgin Islands, or a total of special damages of $639.70. The Virgin Islands Government, the nominal

plaintiff in this action, paid workmen's compensation of $287.68, the aforesaid medical of $63.70, or a total of $351.38, which it is entitled to recover out of the award hereinafter made.

Plaintiff's case in chief established beyond peradventure of doubt that the accident occurred because the trailer became disengaged from the tractor while it was being pulled along the dock where Halliday was standing. In addition, plaintiff's testimony showed that the connecting link between the tractor and the trailer was secured only by a steel pin which was attached to the tractor by a wire, and which attachment permitted the disengagement of the trailer without the necessity of the driver of the tractor leaving his position.

■ It was an arrangement of convenience for the benefit of the defendant Merwin & Co. and its driver, defendant Messer, and the conclusion is inescapable and the Court finds that it was easily dislodged. In this state of the testimony, the Court felt that sufficient had been shown to put the defendant to its defense and therefore overruled the motion for dismissal under Rule 50.

■ The testimony of the defendant, by its president, indicated that embedded in the dock was the remains of a 2 by 4 or 4 by 4 pole which had been broken off and not removed. The fact of its presence was known both to the company and the driver. In fact, the testimony indicates that for a long period of time tractors operated around and over this broken-off pole without causing any untoward result. On the day in question, however, defendant Messer, notwithstanding his knowledge of the location of the pole, which was in plain view, so operated his tractor as to cause the aforesaid connecting pin to become dislodged, allowing the trailer to run free and strike plaintiff Halliday. The Court finds that this act of negligence was the sole inducing and proximate cause of Halliday's injuries and therefore

concludes that the plaintiffs herein are entitled to judgment in their favor.

The next question which arises is as to the extent of the damages. Unfortunately for the plaintiff, one of the attending doctors was ill and unable to attend. Giving plaintiff the full benefit of the competent medical testimony adduced in this case, plaintiff suffered injuries which incapacitated him for a period of approximately 18 weeks. There is no doubt that during this period he suffered severe pain which kept him from his ordinary occupation and for which he is entitled to be compensated.

After a consideration of all the testimony, the Court finds that the total damages sustained by plaintiff Halliday in this action is $1800. Counsel fee in the sum of $400 will also be allowed, together with costs of the action.

The foregoing may be considered as the findings of fact and conclusions of law of the trial Judge. Counsel for the plaintiff will submit a proposed order for judgment in accordance with the foregoing, with notice to counsel for the defendants.